IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael F. Laplante a/k/a, Mitch Laplante,<br><br>    Plaintiff,<br><br>    v.<br><br>Marc Camens; Camens Architectural Group LLC; William Means Real Estate, LLC; 1776, LLC; 1776 Management, LLC; Preserve at Fenwick Hall Property Owners Association, Inc.; The Preserve II at Fenwick Hall Property Owners Association, Inc.; John Doe and Mary Roe,<br><br>    Defendants. | Civil Action No. 2:21-3919-RMG<br><br><br>**ORDER AND OPINION** |

The matter before the Court is Defendant 1776, LLC's 12(b)(6) partial motion to dismiss Plaintiff Michael F. Laplante's amended complaint for failure to state a claim. (Dkt. No. 26). For the reasons stated below, the motion to dismiss is granted in part and denied in part.

**I.   Background**

On December 20, 2021, Plaintiff filed an amended complaint. (Dkt. No. 9). The amended complaint asserts claims in violation of the Lanham Act, a claim in violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), and a civil conspiracy claim. Plaintiff alleges he is an architect who designs custom high-end luxury homes. (*Id*. at ¶ 13). Plaintiff alleges he was hired to design homes located at 1619 and 1624 John Fenwick Lane, Charleston, South Carolina. (*Id*. at ¶¶ 30, 35). The homes are located within The Preserve at Fenwick Hall Plantation ("The Preserve"). (*Id.*). Plaintiff alleges Defendant 1776 owned property within The Preserve and was the developer of The Preserve. (*Id*. at ¶ 25). Plaintiff alleges Defendant Camens and/or CAG in concert with other Defendants including Defendant 1776, posted photographs of the interior and

1

exterior of 1619 and 1624 on a website adjacent to where Defendant Camens and/or CAG advertised they design luxury custom homes. (*Id*. at ¶¶ 29, 31). Plaintiff alleges the photographs combined with the language on the website create a misleading and deceptive statement that implies Defendant Camens and/or CAG is the source of the architectural and design services rendered for 1619 and 1624. (*Id.* at ¶ 32, 37).

On January 21, 2022, Defendant 1776 filed a 12(b)(6) motion to dismiss Plaintiff's claims asserted against it for civil conspiracy and in violation of the SCUTPA. (Dkt. No. 26 at 1). Plaintiff filed a response in opposition (Dkt. No. 31) and Defendant 1776 filed a reply. (Dkt. No. 33). The matter is ripe for the Court's review.

## II.   Legal Standard

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

Defendant 1776 moves to dismiss Plaintiff's civil conspiracy claim and claim in violation of the SCUTPA. The Court will review the allegations in the amended complaint to determine whether Plaintiff states plausible claims for relief.

#### A. Civil Conspiracy

Under South Carolina law, "a plaintiff asserting a civil conspiracy claim must establish: (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff." *Jinks v. Sea Pines Resort, LLC*, No. 9:21-cv-00138-DCN, 2021 WL 4711408, at * 3 (D.S.C. Oct. 8, 2021) (citing *Paradis v. Charleston Cty. Sch. Dist.*, 861 S.E.2d 774, 780 (S.C. 2021)). "A claim for civil conspiracy must allege additional facts in furtherance of a conspiracy rather than reallege other claims within the complaint." *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 874 (2009); *Kuznik v. Bees Ferry Assocs.*, 538 S.E.2d 15, 21 (S.C. Ct. App. 2001) ("Because [the third party plaintiff] . . . merely realleged the prior acts complained of in his other causes of action as a conspiracy action but failed to plead additional facts in furtherance of the conspiracy, he was not entitled to maintain his conspiracy cause of action.").

Defendant 1776 argues that Plaintiff's civil conspiracy claim simply restates the same facts pled in the factual background and in support of the other claims, and must be dismissed for failing to allege additional facts in furtherance of a conspiracy. (*Id*. at 3-5) (citing Dkt. No. 9 ¶¶ 30-39, 42-46, 49-55, 57-63, 65-69). Defendant 1776 does not set forth additional arguments as to why

3

Plaintiff's civil conspiracy claim fails to state a claim. As such, the court will review the allegations Plaintiff's civil conspiracy claim to determine whether the amended complaint sets forth additional facts in furtherance of a conspiracy.

The amended complaint alleges Defendant Camens and/or CAG, in concert with other Defendants including Defendant 1776, posted photographs of the interior and exterior of 1619 and 1624 on a website adjacent to where Defendant Camens and/or CAG advertised they design luxury custom homes. (*Id*. at ¶¶ 29, 31). Plaintiff alleges the photographs combined with the language on the website create a misleading and deceptive statement that implies Defendant Camens and/or CAG is the source of the architectural and design services rendered for 1619 and 1624. (*Id.* at ¶ 32, 37). Plaintiff alleges that posting photographs from 1619 and 1624 on the website next to language advertising architectural services was an intentional effort by Defendant Camens and/or CAG to wrongfully take credit for Plaintiff's work. (*Id.* at ¶ 33). Plaintiff's civil conspiracy claim similarly alleges that Defendants knew 1619 and 1624 were designed by Plaintiff. (*Id.* at 66). Plaintiff's civil conspiracy claim alleges Defendants conspired to damage Plaintiffs' architectural business by making and/or obtaining photographs from 1619 and 1624, which they later posed to their website. (*Id.* at ¶ 67).

Viewing the allegations in the complaint in a light most favorable to the Plaintiff and taking all well-plead factual allegations as true, the Court finds that Plaintiff does not allege any additional acts in furtherance of the conspiracy separate and independent from other wrongful acts alleged in the complaint, and simply realleges the wrongful acts alleged in the complaint. *Jinks*, 2021 WL 4711408, at *4; *Coker v. Norwich Com. Grp., Inc.*, No. CV 3:20-03071-MGL, 2021 WL 4037472, at *6 (D.S.C. Sept. 3, 2021) (granting motion to dismiss civil conspiracy claim upon finding that plaintiff "merely reincorporated his previous claims and added conclusory allegations the

individuals were engaged in a civil conspiracy.")  Plaintiff's civil conspiracy claim against Defendant 1776 is dismissed.

    B. South Carolina Unfair Trade Practices Act

The SCUTPA provides for a private right of action when a plaintiff shows that: "(1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected the public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)." *Sinclair & Assocs. of Greenville, LLC v. Crescom Bank*, Case No. 2:16-cv-00465-DCN, 2016 WL 6804326, at * 5-6 (D.S.C. Nov. 17, 2016).  It is well established that "[t]he act is not available to redress a private wrong where the public interest is unaffected." *Bracken v. Simmons First Nat. Bank*, No. 6:13-cv-1377, 2014 WL 2613175, at * 6 (D.S.C. June 9, 2014) (quoting *Bessinger v. Food Lion, Inc.*, 305 F. Supp.2d 574, 582 (D.S.C. 2003), *aff'd sub nom*, 115 F. Appx. 636 (4th Cir. 2004)). Consequently, the act does not reach "unfair or deceptive act[s] or practice[s] that affect [] only the parties to a trade or commercial transaction." *Noack Enterprises, Inc. v. Country Corner Interiors of Hilton Head Island, Inc.*, 351 S.E.2d 347, 349-50 (S.C. Ct. App. 1986).

A plaintiff may show that an unfair or deceptive act or practice adversely affects the public interest by demonstrating a potential for repetition. *Bahringer v. ADT Sec. Servs., Inc.*, 942 F. Supp. 2d 585, 594 (D.S.C. 2013).  Potential for repetition is generally demonstrated in one of two ways: "(1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the [defendant's] procedures create a potential for repetition of the unfair and deceptive acts." *Id*. (internal citations omitted).

Defendant 1776 argues that Plaintiff fails to sufficiently allege the first element of an SCUTPA claim because Plaintiff does not allege how Defendant 1776 engaged in an unfair or deceptive act in the conduct of trade or commerce, and instead lumps Defendant 1776 together

5

with Defendant Camens. (Dkt. No. 26 at 7). Plaintiff alleges posting photographs of 1619 and 1624 to the website alongside language advertising architectural services was an intentional effort to take credit for Plaintiff's work and services. (*Id*. at ¶ 59). Plaintiff alleges that Defendant 1776's marketing and advertising campaign on the website caused a likelihood of confusion as to the source of the design of 1624 and 1619. (*Id.*). Plaintiff has sufficiently plead this element.

Defendant 1776 argues that Plaintiff fails to sufficiently allege the second element of an SCUTPA claim because Plaintiff does not allege how any unfair or deceptive act by Defendant 1776 affected the public interest. (Dkt. No. 26 at 7). Plaintiff alleges posting photographs of 1619 and 1624 to the website alongside language advertising architectural services was an intentional effort to take credit for Plaintiff's work and services. (*Id*. at ¶ 59). Plaintiff alleges that Defendant 1776's marketing and advertising campaign on the website caused a likelihood of confusion as to the source of the design of 1624 and 1619. (*Id.*). Plaintiff alleges that in doing so, Defendants caused a likelihood of confusion as to the source of the design of 1619 and 1624. (*Id.*). Plaintiff alleges "Defendants' unfair and deceptive trade practices are likely to cause confusion in the marketplace, including confusion among consumers and are capable of repetition." (*Id.* at ¶ 60). The standard for liability for trademark infringement under the South Carolina Unfair Trade Practices Act, like that of the Lanham Act, is likelihood of consumer confusion. *Johnson v. Sosebee*, 397 F. Supp.2d 706, 712 (D.S.C. 2005) (citing *Taylor v. Hoppin' Johns, Inc*. 405 S.E.2d 410, 413 (S.C. App.1991) (holding that the likelihood of confusion has been fount to exist in trademark cases under state law "where consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a product or service identified by a similar mark"). Plaintiff has sufficiently alleged that posting photographs of 1619 and 1624

6

next to language advertising architectural services would confuse the consumer as to the source of the design.

As to the third element, Plaintiff alleges injury as a result of Defendants' conduct. Plaintiff alleges that "as a direct and proximate result of Defendants' conduct, [Plaintiffs] has suffered damages." (Dkt. No. 9 at ¶ 61). Viewing the allegations in a light most favorable to Plaintiff and accepting all well-plead allegations as true, the Court finds that Plaintiff plausibly sets forth a claim for violation of the SCUTPA.

## IV. Conclusion

For the reasons stated above, Defendant 1776's partial 12(b)(6) motion to dismiss is **GRANTED IN PART**, **DENIED IN PART**. (Dkt. No. 26). The motion is **GRANTED** as to Plaintiff's civil conspiracy claim. The motion is otherwise **DENIED**.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

February 24, 2022
Charleston, South Carolina

7