### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Michael F. Laplante a/k/a, Mitch Laplante,  )<br>  )<br>  )<br>           Plaintiff,  )<br>  )<br>   v.  )<br>  )<br>Marc Camens; Camens Architectural Group )<br>LLC; William Means Real Estate, LLC;  )<br>1776, LLC; 1776 Management, LLC;  )<br>Preserve at Fenwick Hall Property Owners  )<br>Association, Inc.; The Preserve II at  )<br>Fenwick Hall Property Owners Association, )<br>Inc.; John Doe and Mary Roe,  )<br>  )<br>           Defendants.  )<br>_____ ) | Civil Action No. 2:21-3919-RMG<br><br><br><br>**ORDER AND OPINION** |

The matter before the Court is Plaintiff's motion for leave to amend the first amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Dkt. No. 52). For the reasons stated below, the motion to amend is granted.

**I.     Background**

Plaintiff, Michael F. Laplante a/k/a, Mitch Laplante, initiated this action against various Defendants in the Court of Common Pleas for Charleston County, South Carolina on October 22, 2021. (Dkt. No. 1-3). The original complaint asserted the following claims: (1) False Designation of Origin pursuant to 15 U.S.C.A. § 1125(a) [Lanham Act] as to Defendant Camens; (2) False Advertising pursuant to 15 U.S.C.A. § 1125(a) [Lanham Act] as to Defendant Camens; (3) violation of the South Carolina Unfair Trade Practices Act ("SCUTPA") as to all Defendants; (4) and civil conspiracy as to all Defendants. Plaintiff's alleged causes of actions arise out of a controversy related to the alleged advertisement of homes allegedly designed by Plaintiff as an architect on a website related to home sales in The Preserve at Fenwick Plantation ("The Preserve")

1

development. Plaintiff alleges that Defendants placed a paragraph describing Defendant Marc Camens' ("Camens") architecture firm next to or near photographs of homes that Plaintiff allegedly designed. (Dkt. No. 1-3 at ¶¶ 20- 22, 27). Plaintiff alleges that such actions amount to false designation of origin and false advertising under the Lanham Act. (*Id*. at ¶¶ 27-30, 32, 39). On December 2, 2021, Defendants removed the case to federal court on the basis of federal question jurisdiction. (Dkt. No. 1 at 2-3).

On December 9, 2021, various Defendants moved to dismiss Plaintiff's claims asserted pursuant to the SCUTPA and for civil conspiracy for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 5). The Court entered an Order granting leave for Plaintiff to either file an amended complaint to cure the purported deficiencies or file a response in opposition to Defendants' motion to dismiss. (Dkt. No. 8). On December 20, 2021, Plaintiff filed a first amended complaint that joined three additional Defendants: Camens Architectural Group ("CAG"), LLC; 1776, LLC ("1776"); and 1776 Management, LLC ("1776 Management"). (Dkt. No. 9).

On January 21, 2022, Defendant 1776 filed a second 12(b)(6) motion to dismiss Plaintiff's SCUTPA and civil conspiracy claims. (Dkt. No. 26 at 1). On February 24, 2022, the Court granted Defendants' motion in part as to Plaintiff's civil conspiracy claim. (Dkt. No. 36 at 4-5). The Court denied Defendant's motion in part as to Plaintiff's SCUTPA claim as it was plausibly set forth. (*Id.* at 6-7). The Court subsequently granted Defendants 1776 Management and William Means Real Estate, LLC's ("WMRE") 12(b)(6) motions to dismiss Plaintiff's civil conspiracy claim. (Dkt. Nos. 49; 51).

On March 23, 2022, Defendant 1776 filed an answer and asserted a counterclaim against Plaintiff for civil conspiracy for orchestrating ongoing abusive and malicious lawsuits to injure Defendant 1776. (Dkt. No. 41 at ¶¶ 86-104).

On June 30, 2022, Plaintiff filed the instant motion for leave to amend the first amended complaint. (Dkt. No. 52). Plaintiff seeks to drop Counts I and II of the amended complaint that assert violations of the Lanham Act 15 U.S.C.A. § 1125(a) along with remaining civil conspiracy claims under Count IV. The only remaining claim would be Count III which asserts a violation of the SCUTPA. Defendant 1776 filed a response in opposition to Plaintiff's motion. (Dkt. No. 53). Plaintiff filed a reply. (Dkt. No. 56). The motion is ripe for the Court's review.

## II.     Legal Standard

Rule 15 of the Federal Rules of Civil Procedure provides that, after the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The district court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). The "district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. V. Niles Bolton Assocs.*, 602 F.3d 597, 602-03 (4th Cir. 2010).

## III.    Discussion

### A. Plaintiff's Rule 15 Motion to Amend the Complaint

Plaintiff seeks to amend the first amended complaint to remove Counts I and II asserted pursuant to the Lanham Act 15 U.S.C.A. § 1125(a) along with Count IV for civil conspiracy. The remaining claim would be Count III, a state law claim asserting a violation of the SCUTPA.

3

Plaintiff argues granting the motion to amend would not result in prejudice to any party, as the Lanham Act claims are only asserted against Defendants Camens and CAG. (Dkt. No. 52 at 3). Plaintiff represents discovery is ongoing and he received some written discovery responses from Defendants. (*Id.*).

Defendant 1776 filed a response in opposition to Plaintiff's motion to amend. (Dkt. No. 53). It objects to the motion on the grounds of delay, prejudice, fairness, justice, futility, and bad faith. (Dkt. No. 53 at 3). With respect to delay, it argues Plaintiff should have moved to dismiss the Lanham Act claims seven months ago. (*Id.* at 3). As to prejudice, it argues Defendants were forced to respond to Plaintiff's "burdensome discovery and prepare for trial." (*Id.*). It argues it would be "unfair and unjust" to Defendants for this case to be thrown off track and for Defendants to loose the privilege of the prevailing party attorney's fees provision in the Lanham Act. (Dkt. No. 53 at 3). It asserts Plaintiff's purported amendments are sought in bad faith to prompt the Court to remand this case to state court. (*Id*. at 1).

Defendant argues that dismissal of Plaintiff's Lanham Act claims would logically amount to an erosion of his SCUTPA claim, but Plaintiff intends to move forward with an SCUTPA claim as a means to disguise the federal question and manipulate venue. (Dkt. No. 53) (citing *Lamparello v. Falwell*, 420 F.3d 309, 312 n. 1 (4th Cir. 2005) (holding these types of claims are "essentially the same," that the state claim "rises or falls" with the federal claim, and that it need "not analyze [the] state-law claim separately."); *Saferack, LLC v. Bullard Co.*, 350 F. Supp.3d 438, 456 (D.S.C. 2018) ("The standard under the SCUTPA is the same as the standard under the Lanham Act, and also focuses on whether the infringement is likely to cause confusion.).

On reply, Plaintiff represents he propounded discovery to all Defendants in this case, but as of the filing of his motion to amend, the Camen parties and 1776 Management were the only parties

4

to produce responsive documents. (Dkt. No. 56 at 1). Plaintiff represents he received the Camens' discovery responses on May 13, 2022. (*Id.* at 2). Plaintiff represents that from these responses, it became clear that the alleged creation of websites selling real estate in The Preserve and linking the Camen parties to those websites may have originated with Defendants 1776, 1776 Management, LLC, and/or WMRE. (*Id.*). Plaintiff attaches discovery produced by CAG to support his position. (Dkt. No. 56-1).

The Court has considered the parties' arguments and Plaintiff's proposed second amended complaint. (Dkt. No. 52-1). The Court finds that Plaintiff's motion to amend was timely filed on June 30, 2022. (Dkt. No. 52). Pursuant to the Court's scheduling order, the deadline to amend pleadings was July 4, 2022. (Dkt. No. 34). The Court finds that Plaintiff does not seek to amend the complaint in bad faith but rather in response to information learned throughout the course of discovery. (Dkt. No. 56; 56-1). Plaintiff electing to proceed with an SCUTPA claim does not mean it must be brought in tandem with a Lanham Act claim. *Global Prot. Corp. v. Halbersberg*, 503 S.E.2d 483, 486 (S.C. Ct. App. 1998) ("Based on the allegations in the complaint, this action could have been brought under either the Lanham Act . . ., [SCUTPA], . . . or both."). Defendants will not be prejudiced if the motion to amend were granted as discovery is ongoing and is not set to close until October 5, 2022. (Dkt. No. 34). Further, the amendments would not be futile as Plaintiff does not seek to add any claims and the Court previously determined Plaintiff's SCUTPA claim is sufficient to state a claim pursuant to Rule 12(b)(6). (Dkt. No. 36). The Court concludes that leave to amend under the permissive Rule 15 standard should be granted.

### B. Remand Remaining State Law Claims

Plaintiff's proposed second amended complaint would leave one claim for violation of the SCUTPA. (Dkt. No. 52-1). Defendant 1776 asserts one counterclaim for civil conspiracy. (Dkt. No. 41). Both claims arise under state law.

In response to Plaintiff's motion to amend, Defendant 1776 argues the court should retain jurisdiction over the state law claims upon considerations of comity, economy, and fairness to the parties. (Dkt. No. 53 at 3-5). It argues the SCUTPA claim is essentially congruent with the Lanham Act claims and therefore, is an issue within the scope of federal jurisprudence. (*Id.* at 4). It argues the interests of economy and fairness weigh in favor of enabling the Defendants to the full benefits from the work they have previously done on this case and that "Plaintiff's attempt to manipulate the forum should not be overlooked." (Dkt. No. 53 at 5).

Once a district court has dismissed the federal claims in an action, it maintains discretion to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction, or remand in cases removed from state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345, 357 (1988); 28 U.S.C. § 1367(c) (listing factors to inform whether to exercise supplemental jurisdiction over state claims such as whether the state claims involve novel or complex issues of law; whether the state law claims predominate; whether the federal claims remain in the case). When the exercise of this discretion involves the additional question of whether to remand the case to state court, the federal court should consider "principles of economy, convenience, fairness, and comity". *Id.*, 484 U.S. at 357.

The Court has considered the arguments presented by Defendant 1776 and has weighed the principles of economy, convenience, fairness, and comity. The Court finds that certain factors support remand of the remaining claims in this case. First, all the federal claims that justified the Court's jurisdiction will be removed upon the filing of the second amended complaint. Second,

6

Plaintiff's remaining SCUTPA claim and Defendant 1776's civil conspiracy counterclaim arise under state law. Therefore, upon the filing of the second amended complaint, the Court will remand these claims to the Court of Common Pleas for Charleston County, South Carolina.

### IV. Conclusion

For the reasons stated above, Plaintiff's motion to amend the first amended complaint is **GRANTED**. (Dkt. No. 52).

Upon the entry of this Order, the Court instructs the Clerk of Court to file Plaintiff's proposed second amended complaint (Dkt. No. 52-1) and to **REMAND** all remaining causes of action to the Court of Common Pleas for Charleston County, South Carolina for adjudication on the merits.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

July 12, 2022
Charleston, South Carolina